# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **TIMOTHY L. GARLAND,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:20CV00172 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **HAROLD W. CLARKE, ET AL.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |
| ) | |

*Timothy L. Garland, Pro Se Plaintiff.*

Plaintiff Timothy L. Garland, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that various prison officials caused him to be wrongfully found guilty of a disciplinary infraction and penalized. Upon review of the allegations, I find that the lawsuit must be summarily dismissed without prejudice.

On August 2, 2015, while confined at Dillwyn Correctional Center ("Dillwyn"), Garland slipped on a wet spot in the dayroom and fell, banging his head against the floor and knocking himself unconscious.[1]  Officers took Garland to the prison infirmary and then to a local hospital for evaluation.  After an MRI, Garland

---

[1] This summary of events is taken from Garland's Amended Complaint, ECF No. 21, as amended in ECF No. 22, with attachments incorporated from his initial Complaint, ECF No. 1.  Garland's allegations are stated as true, unless otherwise noted, but this summary is not intended as any finding of fact.

was diagnosed with a concussion and admitted overnight for observation. During his stay at the hospital, medical staff also performed other tests on Garland, including urine and blood tests.

Garland was transported back to Dillwyn the next morning, where he was assigned to the Medical Infirmary Restrictive Housing Unit ("RHU"). Investigator Smith questioned Garland on August 4, 2015. Then, on August 14, 2015, while Garland was still confined in the RHU, Correctional Officer X. Jones served him with a Disciplinary Offense Report ("DOR"), charging him with being under the influence of drugs or an unprescribed prescription on August 2, 2015. Through the secure door of Garland's cell, Jones read to him an Advisement of Rights. Garland asked Jones to provide him with Documentary Evidence Forms within the two-day time limit designated in Virginia Department of Corrections ("VDOC") Operating Procedure ("OP") 861.1, governing prison disciplinary proceedings.

Garland did not receive the forms within the two-day time period. Nevertheless, on August 19, 2015, he submitted a form, asking to receive as documentary evidence for the disciplinary hearing a copy of the toxicology results from the blood and urine samples taken at the hospital after his fall. He argued that these documents were relevant to the charge that he had been under the influence of unprescribed drugs, that he did not know what those drugs were, and that he was taking prescribed medication for medical problems. On August 21, 2015,

Institutional Hearing Officer C. Simms denied as untimely Garland's request for the toxicology results.

On August 26, 2015, Simms conducted a disciplinary hearing. Garland pleaded not guilty to the drug charge and moved for it to be dismissed, because he had been denied forms in time to request documentary evidence. Simms denied this motion and found Garland guilty of the offense. Simms set punishment at thirty days in segregation, one hundred and twenty days of lost good conduct time, and garnishment of Garland's inmate trust account to cover his medical expenses, which totaled $6,963.25. Garland also lost his metal shop job and was transferred to a higher security prison facility.

Garland signed and dated his initial Complaint on November 20, 2017, and mailed it to the United States District Court for the Eastern District of Virginia without prepayment of the filing fee.[2] Pursuant to 28 U.S.C. § 1915(b), the Eastern District required Garland to provide financial information about past activity in his inmate trust account and directed him to prepay an initial partial filing fee of sixty-six cents. Garland objected that he did not have the funds to make this payment and wrote numerous requests about the status of his case. Ultimately, on August 9, 2019, the Eastern District allowed him to proceed without prepayment of the partial filing

---

[2] Garland's cover letter submitted with the Complaint was dated November 22, 2017, and the document is stamped received by the Eastern District on November 29, 2017. The Eastern District docketed the Complaint on December 12, 2017.

fee, ordered collection of the filing fee through installments from his inmate trust account, and directed Garland to file an Amended Complaint. This Order advised Garland that his Amended Complaint would "completely replace the Complaint." Order 3, ECF No. 19.

Garland submitted his Amended Complaint on August 28, 2019, and later moved to amend to make a more definite statement of the harms he suffered from alleged due process violations. By order entered March 19, 2020, the Eastern District granted the amendment and transferred the case to this court, because the events at issue occurred at Dillwyn, which is located within this judicial district.

Garland asserts that his due process rights were violated when (a) Jones did not provide him with the forms required to make a timely request for documentary evidence and (2) Simms found him guilty of the offense without granting him an opportunity to obtain documentary evidence for his defense. As relief, Garland asks for $250,000 in monetary damages and injunctive relief ordering dismissal of all financial sanctions and reimbursement of monies already taken.[3]

---

[3] Garland initialed this paragraph on the Amended Complaint form: "I understand that in a § 1983 action, the Court cannot change my sentence, release me from custody, or restore good time. I understand that I should file a petition for a writ of habeas corpus if I desire this type of relief." Am. Compl. 5, ECF No. 19-1. State court records online indicate that on April 4, 2017, the Sussex County Circuit Court docketed a Petition for a Writ of Habeas Corpus filed by Garland that is still pending. The online records do not indicate the content of this petition.

The court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To state a claim under § 1983, the plaintiff must allege facts showing that a person acting under color of state law undertook conduct that violated the plaintiff's constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. Prison disciplinary proceedings that implicate a protected liberty interest, such as accumulated good conduct time, trigger limited federal due process protections. *See Wolff v. McDonnell*, 418 U.S. 539, 557-58 (1974). The inmate facing a prison disciplinary charge enjoys these procedural protections: (1) written notice of the charge; (2) disclosure of evidence against him; (3) the right to call witnesses and present documentary evidence absent safety concerns; (4) a neutral factfinder; and (5) a written statement of reasons for disciplinary action. *Id.* at 564-71.

Garland contends that the actions of Jones and Simms caused him to be found guilty and penalized with a loss of good time without allowing him to present documentary evidence, in violation of due process. He further asserts that because

of these violations, they should pay him monetary damages and refund money withheld for his medical expenses.

Whatever claims Garland may have against these defendants are not currently actionable under § 1983, because the disciplinary conviction has not been reversed or set aside. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The taking of good time credits affected the length of Garland's prison term, and his claims for monetary damages for the wrongful conviction, if successful, would necessarily imply that the disciplinary conviction and penalty were invalid. Garland simply cannot use a § 1983 action to invalidate a ruling that affected the length of his term of confinement, however. More specifically,

> in order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order . . . or called into question by a federal court's issuance of a writ of habeas corpus. . . . A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* (footnote omitted).

The ruling in *Heck* was extended to a state prisoner's claim for damages regarding a disciplinary proceeding in *Edwards v. Balisok*, 520 U.S. 641 (1997). In

that case, the plaintiff alleged that the procedures during a prison disciplinary hearing deprived him of protected interests without due process, including the loss of thirty days of good conduct time. The United States Supreme Court found that "[t]he principal procedural defect complained of" — denial of the opportunity to put on a defense through witness statements — "would, if established, necessarily imply the invalidity of the deprivation of [the inmate litigant's] good-time credits." *Id.* at 646. Accordingly, the Court held that the inmate's claims for declaratory and monetary relief were not cognizable under § 1983. *Id.* at 648.

If Garland could prove, as he alleges, that the defendants' actions wrongfully deprived him of good conduct time by denying him his due process right under *Wolff* to present documentary evidence, such a finding would necessarily imply that the disciplinary hearing outcome (and his current term of confinement, absent the forfeited good time credits) are invalid. Because Garland offers no evidence that the disciplinary charge from August of 2015 has been overturned or expunged, any cause of action for damages that he may have against anyone for wrongful actions contributing to his unlawful conviction of the offense are not currently cognizable under § 1983. Therefore, Garland's §1983 claims against the defendants for contributing to his allegedly unlawful term of confinement must be summarily dismissed.

A separate Final Order will be entered herewith.

                                       DATED:   April 16, 2020

                                       /s/  JAMES P. JONES
                                       United States District Judge